4/28/2017 5:43:12 PM
Chris Daniel - District Clerk Harris County
Envelope No. 16740974
By: Justin Kitchens
Filed: 4/28/2017 5:43:12 PM

# 2017-28742 / Court: 295

### CAUSE NO. _____

| | | |
|---|---|---|
| JAY LUCHUN | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ALLSTATE VEHICLE AND | § | |
| PROPERTY INSURANCE COMPANY | § | |
| | § | |
| *Defendant.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND
## INITIAL WRITTEN DISCOVERY REQUESTS

Plaintiff Jay Luchun files this Original Petition against Defendant Allstate Vehicle and Property Insurance Company ("Allstate") and alleges the following:

### I. THE PARTIES

1.  Plaintiff Jay Luchun is a Texas resident who resides in Harris County, Texas.

2.  Allstate is an insurance company doing business in the State of Texas and may be served with process through its registered agent for service of process in the State of Texas, CT Corporation, via certified mail at 1999 Bryan St. Ste. 900, Dallas, TX 75201-3136.

### II. DISCOVERY

3.  This case is intended to be governed by Discovery Level 1.

### III. JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction over this cause of action because it involves an amount in controversy in excess of the Court's minimum jurisdictional limits. As of today, Plaintiff seeks only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.


EXHIBIT
B-1

5.     This Court has personal jurisdiction over Allstate because Allstate is licensed to do business in Texas and Plaintiff's causes of action arise out of Allstate's wrongful business activities within Harris County, Texas.

6.     Venue is proper in Harris County under Tex. Civ. Prac. & Rem. Code § 15.002(a)(1) and Tex. Ins. Code § 2210.575(e) because all or a substantial part of the events or omissions giving rise to the suit occurred in Harris County.  Specifically, the loss at issue occurred in Harris County.

## IV. <u>FACTUAL BACKGROUND</u>

7.     Mr. Luchun is the named insured under a property insurance policy issued by Allstate (the "Policy").  The Policy states that the location of the property insured is 323 Bridge Crest Blvd., Houston, TX 77082 (the "Property").  The Policy expressly covers all accidental direct physical loss to the Property caused by a windstorm.  The Policy has a $6,619 deductible for windstorm damage.

8.     In approximately May 2016, a windstorm accompanied by hail hit the Harris County area causing damage to the Property.  The windstorm caused extensive damage to the Property, including substantial damage to the Property's roof, windows, and interior.

9.     All of this damage to the Property was covered by the express terms of the Policy. Mr. Luchun subsequently filed a claim with Allstate under the Policy and asked Allstate to cover all damage pursuant to the express terms of the Policy.  Allstate assigned him the claim number 0427411038.

10.    Allstate assigned an adjuster to adjust the claim and instructed him to inspect the Property for storm damage.  The adjuster conducted a substandard investigation and inspection of the Property.  The adjuster was either improperly trained, negligent, or intentionally ignored the damages that were present.  Moreover the adjuster failed to spend the appropriate amount of time necessary to properly identify the damages that were present at the time that were clearly attributable

2

to the wind and hail storm.

11.     For instance, the forces of wind caused damage to the shingles to such an extent that the roof cannot be repaired.  The roof also suffered extensive hail strikes.  This damage to the roof caused water to leak into the interior and cause damage.  Despite seeing this damage, the adjuster failed to note any of it in his report and claimed that there was no evidence of sudden and accidental damage to the roof, and as a result, the adjuster claimed the interior damage was not covered either.

12.     In truth, the entire roof suffered severe enough damage to require complete replacement and that damage was obviously present at the time he inspected it.  The roof suffered wind damaged shingles throughout and countless hail impacts.  In addition, the Property's window beading had wind and hail damage, and the Property suffered interior water leaks.

13.     Allstate relied upon the unreasonable investigation conducted by the adjuster and his subsequent conclusions as a basis to deny coverage for Mr. Luchun's claim.  Accordingly, Mr. Luchun has not been able to make necessary repairs to restore his home, despite the existence of accidental and direct physical loss to the roof caused by the wind and hail storm.

14.     As indicated above, the actual damage to the Property is extensive.  The entire roof must be replaced.  Window beading needs to be replaced.  The gutters need to be replaced.  The actual covered damage to the Property caused by the windstorm with hail will cost Mr. Luchun approximately $40,049.82 to repair and/or replace and Allstate owes Mr. Luchun that amount (less his deductible).

## V. CAUSES OF ACTION

15.     Plaintiff incorporates each and every previous paragraph by reference in the following:

**A.      Breach of Contract**

16.      Allstate had a contract of insurance with Mr. Luchun that covered the Property damage described above.  Allstate breached the terms of the contract by wrongfully denying the claim.  As a direct result, Mr. Luchun was damaged because he lost the benefit of the bargain, namely that in return for premium payments, Allstate would pay to repair the covered loss to the Property less any applicable deductible.

**B.      Bad Faith/Unfair Settlement Practices**

17.      Plaintiff pleads this cause of action in the alternative to his breach of contract claim.

18.      Allstate is required to comply with the Texas Insurance Code's Unfair Settlement Practices section as outlined in Chapter 541.

19.      Allstate violated Texas Insurance Code § 541.060 by:

     i.      Misrepresenting to Mr. Luchun a material fact or policy provision related to the coverage at issue;

     ii.      Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

     iii.      Failing to promptly provide to Mr. Luchun a reasonable explanation of the basis in the Policy, in related to the facts or applicable law, for with Allstate's denial of a claim or offer of a compromise settlement for the claim;

     iv.      Refusing to pay the claim without conducting a reasonable investigation of the claim; and

     v.      Failing within a reasonable time to affirm or deny coverage of a claim to Mr. Luchun or submit a reservation of rights letter to him.

20.     Allstate's failure to act according to the Texas Insurance Code has caused Mr. Luchun to lose all of the benefits he was entitled under his Policy.

### C.     Attorneys' Fees

21.     Mr. Luchun engaged the undersigned attorney to prosecute this lawsuit against the defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

22.     Texas Civil Practice and Remedies Code §§ 38.001-38.003 provides Mr. Luchun his reasonable and necessary attorneys' fees because he is represented by an attorney, presented the claim to the defendant and the defendant did not tender the amount owed within 30 days after they received the claim.

23.     Mr. Luchun is also entitled to the reasonable and necessary attorneys' fees incurred in prosecuting his causes of action through trial and any appeal pursuant to the Texas Insurance Code §§ 541.152 and 542.060.

## VI. <u>CONDITIONS PRECEDENT</u>

24.     All conditions precedent to Mr. Luchun's right to recover have been fully performed, or alternatively, been waived by the defendant.

## VIII. <u>REQUEST FOR DISCLOSURES</u>

25.     Plaintiff requests the defendant to disclose within 50 days the information or material required by Texas Rule of Civil Procedure 194.  Plaintiff also requests the defendant to disclose all documents, electronic information, and tangible items that the defendant has in its possession, custody, or control and may use to support its claims or defenses as required by Texas Rule of Civil Procedure 190.2(b)(6).

26.     In addition, the defendant is requested to respond to the attached interrogatories, requests for production, and requests for admission within fifty (50) days.

## IX. <u>PRAYER</u>

Plaintiff prays that, upon final hearing of the case, he recovers all damages, including:

(i)     any amount owed under the Policy;

(ii)    pre-judgment interest;

(iii)   post-judgment interest;

(iv)   court costs;

(v)    attorneys' fees; and

(vi)   any other relief that he shows he is entitled to receive.

Respectfully submitted,

**WILLIAMS KHERKHER HART BOUNDAS, LLP**

By: _/s/ Sean H. McCarthy_
Sean H. McCarthy
State Bar No. 24065706
Email: smccarthy@williamskherkher.com
8441 Gulf Freeway, Suite 600
Houston, TX 77017
Telephone: (713) 230-2200
Facsimile: (713) 643-6226

**ATTORNEY FOR PLAINTIFF
JAY LUCHUN**

6

## PLAINTIFF'S FIRST SET OF INTERROGATORIES,
## REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS

COMES NOW Plaintiff in the above-styled and numbered cause, and requests that Defendant(s) (1) answer the following Interrogatories separately and fully in writing under oath within 50 days of service; (2) answer the Requests for Production separately and fully in writing within 50 days of service; (3) answer the Requests for Admissions separately and fully in writing within 50 days of service; (4) serve your answers to these Interrogatories, Requests for Production, and Requests for Admissions on Plaintiff by and through his attorney of record, Sean H. McCarthy, Williams Kherkher Hart Boundas, LLP, 8441 Gulf Freeway, Suite 600, Houston, Texas 77017; and (5) produce all documents responsive to the Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within 50 days of service at Williams Kherkher Hart Boundas, LLP. You are also advised that you are under a duty to seasonably amend and/or supplement your responses if you obtain information on the basis of which:

a.     You know the response made was incorrect or incomplete when made; or

b.     You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

## DEFINITIONS AND INSTRUCTIONS

A.    These Responses call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B.    If you cannot answer a particular Interrogatory in full after exercising due diligence to secure the information to do so, please state so and answer to the extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

C.    The term "document" shall have the broadest meaning possible under the applicable Rules of Civil Procedure governing this litigation (whether Texas or Federal) and shall include, but not be limited to, the original (or a copy when the original is not available) and each non-identical copy (including those which are non-identical by reason of annotation or markings, or by appearing in the files of a separate person). The term shall include, but is not limited to, medical records, tax returns, earnings statements, any summary, schedule, memorandum, note, statement, letter, telegraph, interoffice communication, report, diary, ledger, journal, log, desk or pocket calendar or notebook, day book, appointment book, pamphlet, periodical, worksheet, cost sheet, list, graph, chart, telephone or oral conversation, study, analysis, transcript, minutes, accounting records, data sheet, tally or similar freight documents, computer printout, electronic mail, computer disk, and all other memorials of any conversations, meetings and conferences, by telephone or otherwise, and any other writing or recording which is in your possession, custody or control or in the possession, custody or control of any director, officer, employee, servant or agent of yours or your attorneys. The term "document" also includes all electronically stored information ("ESI"), and each specific request for documents shall be deemed to specifically request electronic documents and records.

D.    The terms "relate(s) to," "relating to," or "regarding" shall have a meaning consistent with their usage in the English language in the broadest sense possible; i.e. having any logical or factual connection whatsoever with the subject matter in question.

E.    "Communication" means, without limitation of its generality, statements, discussions, conversations, correspondence, e-mails, texts, instant messages, intranet communications, speeches, meetings, remarks, questions, answers, panel discussions and symposia, whether written or oral. The term includes, without limitation of its generality, communications and statements that are face to face and those that are transmitted by any other method, including, but not limited to, the Internet, e-mail servers (whether internal or external), telephone, networked computers, external storage devices, cloud-based sharing technologies (such as DropBox), or any other method that effectuates a Communication.

F.    If you claim that any document which is required to be identified or produced by you in any response is privileged:

      1.      Identify the document's title and general subject matter;
      2.      State its date;
      3.      Identify all persons who participated in its preparation;
      4.      Identify the persons for whom it was prepared or to whom it was sent;
      5.      State the nature of the privilege claimed; and
      6.      State in detail each and every fact upon which you base your claim for privilege.

G.      "You," "Your," "Yours", "Defendants" and "Defendant" means all Defendants in this case.

H.      "Property" means the property defined in the Petition.

I.      "Policy" means the insurance policy identified in the Petition.

J.      The word "storm" shall refer to the storm described in the Petition that resulted in the claim.

K.      In each instance where you are asked to identify or to state the identity of a person, or where the answer to an Interrogatory refers to a person, state with respect to each such person:

      1.      His or her name;
      2.      His or her last known business and residence address and telephone number; and
      3.      His or her business affiliation or employment at the date of the transaction, event or matter referred to.

L.      In each instance where you are asked to identify a document, state with respect to each document:

      1.      The type of document;
      2.      The general subject matter of the document;
      3.      The date of the document;
      4.      The names and addresses of the authors and recipients of the document;
      5.      The location of the document;
      6.      The identity of the person who has possession or control of the document;
      7.      Whether the document has been destroyed, and if so, (a) the date of its destruction, (b) the reason for its destruction, (c) the identity of the persons who destroyed it, and (d) any retention policy directing its destruction.

M.      If you decide that one question is not simply one question and plan to object based upon more than 25 interrogatories, you are instructed to skip that question and continue to answer what you consider to be only one question, by answering only the first 25 alleged single questions. By answering any one numbered question, you are hereby admitting that one number question is in fact one question and waive any objection based upon a limit of interrogatories.

N.      "Plaintiffs" and "Plaintiff" includes all Plaintiffs, and refers to a single Plaintiff or multiple Plaintiffs, if applicable.

Respectfully submitted,

**WILLIAMS KHERKHER HART BOUNDAS, LLP**

By: */s/ Sean H. McCarthy*
    Sean H. McCarthy
    State Bar No. 24065706
    Email: smccarthy@williamskherkher.com
    8441 Gulf Freeway, Suite 600
    Houston, TX 77017
    Telephone: (713) 230-2200
    Facsimile: (713) 643-6226

    **ATTORNEY FOR PLAINTIFF**
    **JAY LUCHUN**


### CERTIFICATE OF SERVICE

I hereby certify that I sent a true and correct copy of the attached discovery requests to Defendant(s) as an attachment to the petition. Therefore, Defendant would have received it when it was served with the citation.

        */s/ Sean H. McCarthy*
        Sean H. McCarthy

## INTERROGATORIES TO DEFENDANT

1.    Identify all persons and/or entities who had any part and/or involvement in any way with the claim made the basis of the Lawsuit on behalf of Defendant (Claim Number 0427411038) and describe the involvement each person had (i.e., field adjuster, desk adjuster, claims analyst, etc.).

**ANSWER:**

## REQUESTS FOR PRODUCTION TO DEFENDANT

1.    The following insurance documents issued for the Property as identified in the Petition:

    a.    the Policy at issue for the date of loss as identified in the Petition; and

    b.    the Policy declarations page for the 3 years preceding the storm.

    **RESPONSE:**

2.    The entire, unaltered, un-redacted, original and complete claims file relating the Plaintiff's claim that made the basis of the lawsuit.  Please produce ESI in the same format in which it was maintained in the ordinary course of business.  This request encompasses all documents and ESI comprising the entire claim file that is in Defendants' possession, custody, and/or control.  **Please note this request seeks production of the original claim file.**

    **RESPONSE:**

3.    All documents relating to the condition or damages of the Property or any insurance claim on the Property.

    **RESPONSE:**

4.    All documents relating to the condition of the Property prior to the date of loss, including but not limited to any prior underwriting or renewal inspections.

    **RESPONSE:**

## FIRST SET OF REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1**. Admit Plaintiff submitted the claim for storm damage identified with Claim No. 0427411038 within the deadlines proscribed by the Policy.

RESPONSE:

**REQUEST FOR ADMISSION NO. 2**. Admit Plaintiff fully complied with all contractual obligations imposed by the Policy.

RESPONSE:

**REQUEST FOR ADMISSION NO. 3**.  Admit that Defendant should assist its policyholders with their insurance claims.

RESPONSE:

**REQUEST FOR ADMISSION NO. 4**. Admit that Defendant must disclose to its insureds all benefits, coverages, and time limits that may apply to their claims.

RESPONSE:

**REQUEST FOR ADMISSION NO. 5**. Admit that Defendant should treat its policyholders interests equal to their own.

RESPONSE: